IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RANDAL LEE THOMPSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 4:23-cv-201-O-BP |
| § | |
| CITY OF WEATHERFORD, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Amended Complaint that *pro se* plaintiff Randall Lee Thompson ("Thompson"), filed April 11, 2023; a document entitled "Message to the Clerk," filed April 20, 2023; and his Response to the Court's Questionnaire, filed May 15, 2023. ECF Nos. 9, 10, and 11, respectively. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Thompson's case **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

**I.   BACKGROUND**

In his Amended Complaint, Thompson alleges that Defendants violated his Due Process rights. ECF No. 9. He alleges that Defendant Officer Christopher Bumpas illegally pulled him over, ticketed and arrested him, and then conspired with Defendants Prosecutor Stacy White, the City of Weatherford ("the City"), the City of Weatherford Police Department ("WPD"), and the Weatherford Municipal Court to "cover up" "policing for profits" within the City and the WPD. ECF Nos. 9 at 1; 11 at 3-7. He further alleges that Defendants tampered with evidence and committed perjury to ensure Thompson's ultimate conviction at trial. *Id.*

Thompson's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. By Order dated February 27, 2023, the Court granted Thompson's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), subject to judicial screening under 28 U.S.C. § 1915. ECF No. 5. To better Thompson's allegations, the Court ordered Thompson to answer a Questionnaire concerning his civil rights claims and seeking clarification of the Court's jurisdiction over his case. ECF No. 6. Thompson did not file his answers by the Court's deadline, and the Court ordered him to file his answers by April 17, 2023. ECF No. 8. Thompson filed his Response to the Questionnaire on May 15, 2023. ECF No. 10. Additionally, Thompson filed an Amended Complaint, without first seeking leave to file, on April 11, 2023. ECF No. 9.

**II.    LEGAL STANDARD**

Because Thompson is proceeding *in forma pauperis*, his Amended Complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim for relief, Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To demonstrate entitlement to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party

represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and the Fifth Circuit thus recommends that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An incurable defect may arise when a complaint's facts are "not actionable as a matter of law." *Id.* In such situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Courts may also appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the

complaint with the assurance that the plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-cv-0863-D, 2001 WL 627600, at *2-*3 (N.D. Tex. 2001).

### A. Prosecutorial Immunity

Prosecutors enjoy heightened immunity protections beyond those afforded state officials generally under the Eleventh Amendment. *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Such immunity represents a threshold issue in federal court proceedings. *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The essence of absolute prosecutorial immunity "is its possessor's entitlement not to have to answer for his [or her] conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Relevant here, such immunity applies to lawsuits alleging malicious prosecution. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *see also Boyd*, 31 F.3d at 285. In fact, "[a]bsolute immunity shelters prosecutors even when they act 'maliciously, wantonly, or negligently.'" *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)).

### B. *Heck* Doctrine

The preclusive doctrine outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny prohibits litigating cases where success on a claim would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 486-87. Thus, *Heck* precludes a civil action "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000); *see Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (dismissing under *Heck* where claimant "could not prevail . . .

4

without undermining the validity of his criminal convictions"). This "favorable termination rule" is an absolute bar to litigation "unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007). The Court should dismiss claims to which the *Heck* bar applies with prejudice, subject to the plaintiff's right to reassert those claims if any of the conditions under *Heck* are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

### III. ANALYSIS

Thompson's Amended Complaint and answer to the Court's Questionnaire allege violations of his Due Process rights and vaguely reference claims of conspiracy, evidence tampering, and perjury, but do not provide facts to support those causes of action. *See* ECF Nos. 9 and 11. As originally filed, Thompson's Complaint was insufficient under Federal Rule of Civil Procedure 8, because it did not include a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *see* ECF No. 1. This was true even given the Court's liberal construction of the *pro se* Amended Complaint. *See Estelle*, 429 U.S. at 106 (citing *Haines*, 404 U.S. at 520). This insufficiency prompted the Court to order Thompson to answer a Questionnaire requesting factual grounds for Thompson's allegations. *See* ECF No. 6. Thompson's Response indicates that Officer Bumpas "randomly" and "illegally" pulled him over for operating a motor vehicle displaying expired tags. *See* ECF No. 11 at 1–2. He alleges that the charging instrument was "erroneously signed…illegally." *Id.* at 4. He then asserts that the prosecutor, Stacy White, destroyed evidence and conspired with the "corrupt cops and a fake judge in a fake court" as part of a larger conspiracy of "policing for profit." *Id.* at 5-7.

While the Court liberally construes the pleadings of *pro se* plaintiffs to see if they allege a viable claim, nothing in Thompson's Complaint, Questionnaire Response, or Amended Complaint contained enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, the undersigned must conclude that "within the universe of theoretically provable facts there [does not] exist[] a set which can support a cause of action under [the] complaint, indulgently read." *See Covington*, 528 F.2d at 1370. Accordingly, Thompson's Amended Complaint lacks "an arguable basis . . . in fact" such that it fails to state a legally cognizable claim, and Judge O'Connor should dismiss this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke*, 490 U.S. at 325; *see also Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) ("[C]onsidering the distinct features of [] *in forma pauperis* proceedings, we now hold that dismissals as frivolous or malicious should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice.").

While nothing in the Complaint, Questionnaire Response, or Amended Complaint alleges sufficient facts to implicate the City, WPD, the municipal court, Officer Bumpas, and Prosecutor White, Thompson cannot recover from them even if he had pleaded sufficient facts to show a cause of action. Prosecutorial immunity and the *Heck* doctrine would bar those claims, resulting in their dismissal with prejudice. *See Boyd*, 31 F.3d at 284–85.

The prosecutor Thompson names is entitled to absolute immunity from suit unless Thompson presents a claim entirely unrelated to the prior proceeding, which he does not. *Id.*; *Imbler*, 424 U.S. at 420–24, 431. Additionally, because Thompson's allegations directly attack the results and validity of his prior criminal trial, the *Heck* doctrine prevents him from pursuing a civil action on that account unless his prior criminal conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a

6

determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Thompson has alleged no facts to show that any of these conditions have been met. Accordingly, the *Heck* doctrine bars his claims. Because Thompson has attempted to sue these entities and individuals and could not make those showings, his action still would be subject to dismissal with prejudice under *Heck* had he pleaded sufficient facts to support a cause of action. *Boyd*, 31 F.3d at 283–85.

The decision to allow amendment of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994). In determining whether to allow an amendment of the pleadings, the Court considers the following: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir.1982). However, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier,* 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller,* 342 F.3d at 563. Thompson has pleaded his best case after filing an Original and Amended Complaint and responding to the Court's Questionnaire. The undersigned concludes that allowing Thompson another opportunity would be an inefficient use of the Court's resources, would cause unnecessary delay, and would be futile.

## IV.   CONCLUSION

Because Thompson's Complaint, Questionnaire Response, and Amended Complaint fail to state a claim or a legal basis for recovery, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–

(ii). To the extent that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Thompson's claims, Judge O'Connor should dismiss the claims with prejudice, subject to Thompson's right to reassert them later if the conditions under *Heck* are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 13, 2023.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE